# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT WILLIS LEBO, JR.,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-0343 |
| v. | : | (KANE, C.J.)<br>(MANNION, M.J.) |
| **ROBERT COLLINS and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents | : | |

# REPORT AND RECOMMENDATION

On February 7, 2011, the petitioner, an inmate at the State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, along with the appropriate filing fee in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1). By order dated February 18, 2011, it was directed that the action be transferred to the Middle District. (Doc. No. 2). The case was electronically transferred on February 22, 2011. (Doc. No. 3). The action will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Case, 28 U.S.C.foll. §2254.

According to the petition and the documents attached thereto, on August 22, 2009, the petitioner was convicted on charges of aggravated assault and driving under the influence in the Court of Common Pleas, Dauphin County, Pennsylvania. The petitioner was sentenced the same day to three to six years of incarceration.

On December 15, 2008, the petitioner filed a post-conviction petition in

the trial court in which he alleged an unlawful and involuntary plea, as well as ineffective assistance of counsel. The petition was denied on July 28, 2009.

On August 4, 2009, the petitioner filed a notice of appeal, in which he raised the same claims raised in his post-conviction petition. With the notice, the petitioner indicated his address as SCI-Frackville.

When the petitioner did not hear anything on his appeal, he wrote to the Dauphin County Clerk of Courts inquiring as to the status of his appeal; however, no response was forthcoming. As a result, the petitioner wrote to the Superior Court Prothonotary requesting the status of his appeal. On March 17, 2010, the petitioner received a response indicating that an incorrect address was received for the petitioner from the Dauphin County Court of Common Pleas and that his correspondence would be considered as a motion to reinstate his appeal. The Prothonotary included a copy of the petitioner's docket which indicated that his appeal was dismissed on September 29, 2009, for failure to submit a docketing statement.

On April 19, 2010, the Superior Court denied the petitioner's request to reinstate his appeal. The petitioner filed a motion for reconsideration of the order on May 4, 2010, which was denied by order dated May 19, 2010.

The petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, which was returned to the petitioner on June 10, 2010, with a notice of untimely filing. The petitioner filed a petition for leave to file the petition for allowance of appeal *nunc pro tunc*, which was treated as a

petition for leave to file petition for review *nunc pro tunc* and denied by order dated October 28, 2010.

The petitioner then initiated the instant action in which he claims that he should not be held responsible for the error of the Dauphin County Clerk of Court in providing the wrong address for the petitioner. He seeks to have this court correct the state procedural error by remanding his case to the Superior Court with instructions to entertain his appeal.

It is well established that "a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody in violation of the Constitution or laws or treaties of the United States." Pulley v. Harris, 465 U.S. 37, 41 (1984). A violation of state procedural rules "simply does not provide a basis for federal habeas corpus relief." Wojtczak v. Fulcomer, 1988 WL 99678 (E.D.Pa. 1988)[1] (citing United States ex rel. Hayward v. Johnson, 508 F.2d 322, 330 (3d Cir.1975); see also Chaussard v. Fulcomer, 816 F.2d 925, 932 (3d Cir.1987)). Because the petitioner only seeks to have a matter of state procedural error corrected in the instant action and does not raise federal constitutional violations, his petition should be dismissed.

---

[1] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the instant petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 17, 2011
O:\shared\REPORTS\2011 Reports\11-0343-01.wpd